UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TROY A. LEAVERTON, )
)
      PLAINTIFF, )
)
vs. ) CASE NO. 11-CV-778-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration,[1] )
)
      DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Troy A. Leaverton, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff Troy A. Leaverton's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Charles Headrick was held December 21, 2009. By decision dated January 28, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 28, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## **Background**

Plaintiff was 28 years old on the alleged date of onset of disability and 32 years old on the date of the denial decision. He has a 10th grade education and formerly worked as a cashier, landscaper, and shop helper. He claims to have been unable to work since January 4, 2007 as a result of back injury, social anxiety, knee and neck problems, diabetes, pancreatitis, high cholesterol, and high blood pressure. [R. 114]. Plaintiff takes medication and insulin shots to control his diabetes. [R. 190]. Plaintiff claims to have suffered a low back injury on the job which causes him pain. He also claims to suffer from

pancreatitis along with nausea and vomiting, abdominal pain due to gastroparesis from his diabetes, and abscesses. On December 28, 2010, Plaintiff accidentally shot his left foot with a shotgun which subsequently required partial amputation of his left foot. That injury is not a part of this proceeding. [R. 913-1080].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to degenerative joint disease of the right knee, diabetes, obesity, a generalized anxiety disorder, and an adjustment disorder. [R. 64]. The ALJ found that the Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can perform only simple tasks with routine supervision and have minimal contact with the general public.[3] [R. 65].

Although Plaintiff was unable to perform his past relevant work and his ability to perform work at all exertional levels has been compromised, the ALJ determined, based on the testimony of the vocational expert, that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 69]. Accordingly, the ALJ determined that the Plaintiff was not disabled since January 4, 2007. The case was thus decided at step five of the five-step evaluative sequence for determining a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

---

[3] Sedentary work involves lifting no more than 10 pounds at a time, no more than 2 hours of walking and standing a day, and 6 hours of sitting a day. Social Security Ruling (SSR) 83-10: *see* 20 C.F.R. §§ 404.1567(a), 416.967(a)(2012).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed at step 5 of the sequential evaluation process; 2) failed to properly weigh the medical and non-medical source evidence; and 3) failed to perform a proper credibility determination.

**Analysis**

Step Five Determination

Plaintiff asserts that the ALJ erred in that it was the vocational expert who determined the Plaintiff's residual functional capacity, as opposed to the ALJ, because rather than orally framing his hypothetical questions, he showed the vocational expert two exhibits (7F and 9F) which contained the RFC assessments made by the non-treating, non-examining, reviewing experts of the State agency. [R. 373-380; 395-397].

In some cases, the undersigned has been critical of the practice of having a vocational expert consult exhibits to discern the Plaintiff's limitations instead of orally framing a hypothetical question to the vocational expert. Asking a vocational expert to glean limitations included in a hypothetical question from an exhibit invites confusion and needlessly introduces an opportunity for miscommunication and misunderstanding. These potential problems are avoided when the ALJ formulates the limitations and verbally expresses them to the vocational expert. However, where there is no evidence of confusion or misunderstanding use of such exhibits is not error. *See Boehm v. Astrue,* 2013 WL 451067 *3 (10th Cir.)(finding no error in relying on RFC form to provide limitations for hypothetical). In the present case the record demonstrates there was no confusion or misunderstanding. The following exchange shows the vocational expert understood the

limitations contained in the exhibits. [R. 99].

> [ALJ]   Assume the claimant to be I believe he was age 28 the alleged onset date with 10th grade education the ability to read, write and use numbers. Assume further the individual in general has the physical capacity to perform work consistent with the limitations of Exhibit 7F. That he has functional and remedial limitations consistent with Exhibit 9F.
>
> [VE]   Okay. 7F indicates he'd be limited to sedentary work because he can only stand and walk 2 hours out of an 8 hour day. 9F indicates he'd be limited to simple, repetitive work that did not involve dealing with public.

[R. 99]   The vocational expert's response to the ALJ's hypothetical concerning Plaintiff's physical limitations includes only sedentary work which is the same limitation contained in Exhibit 7F. The vocational expert's response to the ALJ's hypothetical concerning Plaintiff's mental limitations accurately accounts for the limitations contained in the mental RFC assessment completed by Ronald Smallwood, Ph.D., which restricted Plaintiff to simple, repetitive work that did not involve dealing with public. The court finds no error in the ALJ's hypothetical questioning of the vocational expert.

Plaintiff also asserts that the hypothetical question was infirm because it had no specific limitations for any of the physical demands of sitting, standing, walking, lifting, carrying, pushing and pulling. There is no merit to this contention. Exhibit 7F, which addressed physical limitations, contains lifting limitations of 20 pounds occasionally and 10 pounds frequently and unlimited pushing and pulling except for the weight limitations. [R. 374].

Plaintiff contends that the ALJ's hypothetical is imprecise because it did not account for absences from work necessary for medical treatment. Plaintiff added up the number

of doctor visits and phone calls to his doctor he made over the pendency of this case and argues that number of absences would preclude employment. Nothing in the record suggests an entire day off is necessary for each appointment or that appointments could not be scheduled around hours of employment. *See Barnett v. Apfel,* 231 F.3d 687 (10th Cir. 2000)(finding the ALJ did not err by failing to consider plaintiff's absenteeism, such evidence was presented at the hearing and argument assumes an entire day would be missed for each appointment).

Plaintiff also argues that the hypothetical question did not allow for his need to have unscheduled access to a bathroom due to his frequent episodes of diarrhea and micturation. [Dkt 16, p. 4]. The RFC and hypothetical question need only contain the limitations accepted as true by the ALJ. *See Talley v. Sullivan,* 908 F.2d 585, 588 (10th Cir. 1990). The ALJ considered Plaintiff's subjective complaints in light of the objective evidence and found that Plaintiff's complaints were not entirely credible. Further, the ALJ observed that none of Plaintiff's treating physicians indicated he had functional limitations that would preclude sedentary work. While the ALJ did not specifically discuss Plaintiff's allegations of frequent bowel and urinary urgency, the court notes that the medical records reflect these complaints have been episodic and many records reflect the absence of such complaints. [R. 534, 536, 585, 633, 862].

### Failure to Properly Weigh Medical Evidence

Plaintiff asserts that the ALJ failed to properly weigh the medical and non-medical source evidence. Plaintiff asserts that the ALJ committed reversible error as he "failed to perform the correct analysis required in assigning weight to other source providers" as it relates to Ms. Patricia Whittaker, Nurse Practitioner (NP). [Dkt. 16, p. 4]. The record

contains a one page chart note dated August 8, 2008, authored by Ms. Whittaker which states:

> TO [sic] whom it may concern:
> Troy is unable to work at this time, just released from Hillcrest Hospital with pancreatitis and newly diagnosed diabetes, knee, neck and back problems.

[R. 270].

The ALJ discussed his reasoning for discounting the opinions of Ms. Whittaker:

> On August 25, 2008, a nurse practitioner (NP) stated that the claimant was unable to work due to pancreatitis, newly diagnosed diabetes, knee, neck, and back problems (Exhibit 2F). 20 CFR 404.1513(a) lists acceptable medical sources who can establish whether an individual has a medically determinable impairment. Nurse practitioners are not acceptable medical sources. 20 CFR 1513(d)(1) states, in pertinent part, that we may also use evidence from other sources to show the severity of an impairment or how it affects an individual's ability to work. Nurse practitioners are listed as an "other source." The undersigned has considered the evidence submitted; however, little weight is given because the opinion is not supported by objective medical evidence as noted above.

[R. 67]. The ALJ accurately summarized the evidence and noted that the opinion was not supported by the whole of the evidence. The court finds that the ALJ gave an adequate reason for rejecting the conclusory opinion of Ms. Whittaker.

Plaintiff further asserts that remand is required because the ALJ provided "only some weight" to the report of Dr. Kenneth Trinidad, D.O., dated November 29, 2007. [R. 627-630]. Dr. Trinidad examined the Plaintiff on one occasion in connection with Plaintiff's workers compensation claim, not his disability claims. The ALJ explained his reasoning as follows:

> On November 29, 2007, the claimant was examined in connection with his workers' compensation claim. Dr. Trinidad stated that the claimant was "temporarily totally disabled" (Exhibit 26F). Such statements, made in the context of a state workers' compensation claim, are not dispositive of a claim made under Social Security. In a workers' compensation evaluation, the issue is a claimant's capacity to perform work existing with a particular employer. By contrast, under Social Security, the issue is the claimant's residual functional capacity to perform work that exists in the much broader, national economy. While a workers' compensation finding of temporary total disability may have some value in assessing the residual functional capacity of a Social Security claimant, it cannot be given controlling weight. Accordingly, the undersigned gives only some weight to the claimant being on temporary disability pursuant to state law.

[R. 67]. The court finds that the ALJ's decision contains an adequate explanation of how he weighed Dr. Trinidad's opinion.

Plaintiff also asserts that the ALJ erred by finding that the non-treating, non-examining reviewers of the State agency found Plaintiff capable of light work. [Dkt. 16, p. 5; R. 68]. Apparently, the ALJ misstated the exertional level. The record indicates that the State reviewing doctors found Plaintiff capable of performing sedentary work as opposed to light. [R. 374]. However, the court finds the misstatement was harmless as the ALJ found Plaintiff to have the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can perform only simple tasks with routine supervision and have minimal contact with the public. " [R. 65]. The ALJ's decisional RFC contains the same limitations found by the non-treating, non-examining physicians. The ALJ's misstatement is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary,* 695 F.3d 1156 (10th Cir. 2012).

Plaintiff asserts that the ALJ "miscast" the evidence when he referred to Plaintiff's mental healthcare giver as a "child psychiatrist." [R. 66; Dkt. 16, p. 5]. If the ALJ was wrong about whether the psychiatrist is a "child" psychiatrist, Plaintiff does not explain how such an error should affect the outcome of the case. The court finds no basis for remand.

### Credibility Determination

Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id.*

In determining that Plaintiff's testimony was not credible, the ALJ found that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." [R. 66]. Though the ALJ's credibility determination included "boilerplate" language, the ALJ's credibility analysis is not fatally flawed. In *White v. Barnhart,* 287 F.3d 903 (10th Cir. 2002) the court went on to affirm the judgment because it found that the ALJ's credibility assessment "did not rest on mere boilerplate language, but instead was linked to specific findings of fact." *Id.* at 910. *See also Freeman v. Astrue,* 441 Fed. Appx. 571, 574 (10th Cir. 2011)(unpublished)(boilerplate statement would not have been adequate if that had been the extent to the ALJ's credibility analysis); *Arles v. Astrue,* 438 Fed. Appx. 735, 738-39 (10th Cir. 2011)(unpublished)("despite the

ALJ's use of disfavored language, his ultimate credibility determination is grounded in a thorough analysis"). The court finds that despite the ALJ's use of "boilerplate" language in his credibility assessment, it was adequately linked to substantial evidence contained within the record.

The ALJ cited numerous grounds tied to the evidence for the credibility finding. The ALJ noted Plaintiff alleged back pain though an MRI performed in 2007 was negative. The ALJ also noted Plaintiff's activities of daily living which included going to the lake over Memorial Day weekend, wrestling with a friend wherein he hurt his thumb, feeding and caring for the dogs, driving a car, playing video games, cooking, going to school, and performing some house cleaning was persuasive of more activity than alleged. The ALJ thus properly linked his credibility finding to the record, therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 29th day of March, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE